Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5323 | **DATE** | 7/11/2000 |
| **CASE TITLE** | Raddatz vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For foregoing reasons, the Court denies defendant's motion for summary judgment. This case is set for a status hearing on 7/13/00 at 9:30 a.m. for the purpose of setting a final discovery cutoff date. Pursuant to the Court's previous order of 6/22/00, the case remains set for trial on 1/8/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 2 2000 date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | SB docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS RADDATZ, )
)
      Plaintiff, )
)
vs. ) Case No. 98 C 5323
)
CITY OF CHICAGO, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Thomas Raddatz was a firefighter employed by the City of Chicago. He was terminated on October 20, 1997. Raddatz has sued the City under the Americans With Disabilities Act, 42 U.S.C. §12112(a); he says the City terminated him because he was disabled as the result of an on-the-job injury. The City says it terminated Raddatz because he had been convicted of an off-the-job felony.

Last fall, the parties were prepared to embark upon what was represented to be a lengthy and expensive process of discovery relating to Raddatz's claim that he was disabled (which the City disputes). The Court was persuaded to defer that discovery because the City believed it could establish that Raddatz was terminated based on his felony conviction and sought to move for summary judgment on that point. As it turned out, however, things are not quite as simple as they may have appeared at that time. For the reasons that follow, the Court denies the City's motion.

The City maintains that Raddatz has no direct evidence of discrimination and therefore

must satisfy his burden of proving discrimination by the indirect method articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1983). Under that method, if the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to articulate a non-discriminatory reason for the adverse employment action – in this case, Raddatz's termination. If the employer does so, the plaintiff bears the burden of proving that the employer's reason was a pretext for discrimination. *Id.* at 802-03; *see Leffel v. Valley Financial Services,* 113 F.3d 787, 792 (7th Cir. 1997).

The City argues that even if Raddatz could establish a *prima facie* case of discrimination, the Department had a non-discriminatory reason for discharging him, one that Raddatz cannot show to have been pretextual. On February 8, 1996, Raddatz was convicted of aggravated possession of a stolen motor vehicle. The Fire Department's Code of Professional Conduct provides that Department members who are convicted of any criminal offense are subject to discipline, including termination. In April 1996, the Department initiated disciplinary proceedings against Raddatz; he filed a response to the disciplinary charges in which he explained the circumstances of the offense and various mitigating factors and also argued that the Department did not follow a uniform policy of discharging or refusing to hire felons.

The City says that the Department initiated termination proceedings against Raddatz in May 1996; the Director of Personnel and the Fire Commission signed papers directing Raddatz's discharge. At that time, however, Raddatz was off work (with pay) on "medical status" due to an injury he had suffered while fighting a fire in August 1995. The City says that the Department has a policy of not terminating employees while they are on medical status, so Raddatz was not terminated at that time, indeed he was not even given notice that he was to be terminated.

2

In October 1997, Raddatz filed a "reasonable accommodation" form with the Department in which he sought assignment to a position not requiring heavy physical exertion and said that he could perform the duties of any position not directly involving the fighting of fires. The City says that this signaled the Department that Raddatz was ready to return to work from medical status; thus, in response to Raddatz's request, the Department advised him that he was terminated for violation of the Code of Professional Conduct. The City emphasizes, however, that the decision to terminate Raddatz had been made eighteen months earlier, in May 1996.

The City's motion was based on a simple and straightforward proposition: the sequence of events demonstrates that there could not have been any connection between Raddatz's claimed disability and his termination, for the Department's decision to terminate him was made long before it was aware of the disability. The problem with this argument is that it assumes that the Department acquired knowledge of the disability only when Raddatz sought accommodation in October 1997. Were that so, the City's motion might have merit. However, Raddatz has tendered documents reflecting that in January 1996, the Department ordered him to undergo a "functional capacity evaluation" to determine whether he could perform his firefighting duties, and that after this was done, a physician reported to the Department's Medical Director on February 27, 1996 that Raddatz's level of function "does not fit the criteria for his Fire Department job." In short, the Department was arguably aware of Raddatz's disability well before it claims that it decided to terminate him. The City argues that the February 1996 letter does not establish that the Department knew that Raddatz had a disability within the meaning of the ADA. This may well turn out to be true, but the simple fact is that the February 1996 letter completely undermines the simple and straightforward proposition on which the City's summary

3

judgment motion was based. The Court concludes that there is a genuine issue of fact concerning when the Department learned of Raddatz's alleged disability.[1]

This by itself is enough to deny the City's motion, but rather than stopping here the Court will address certain arguments made or re-emphasized in the City's reply. The City argues that even if the Department learned of Raddatz's alleged disability before it decided to terminate him, that does not alter the fact that he was terminated based on his felony conviction, not his alleged disability. But under *McDonnell-Douglas* and its progeny, Raddatz is entitled to prove his case indirectly, and here he contends that the Department has allowed other felons to stay on the job with lesser forms of discipline. Proof of differential treatment of similarly situated persons outside the protected class is an accepted means of proving pretext. *See, e.g., Sarsha v. Sears, Roebuck & Co.*, 3 F.2d 1035, 1042 (7th Cir. 1993) (Title VII case). Raddatz also claims that the timing of the Department's decision to investigate his arrest record and criminal history is suspicious in that it came only after the physician's February 1996 letter suggesting that Raddatz was disabled. All of this provides further support for the Court's denial of the City's summary judgment motion.

The City appears to concede that some felons have not been discharged, but it contends that the Department has a consistent policy of terminating felons convicted of crimes involving theft. But the City's sole support for this when it made its motion was a conclusory statement to

---

[1] It may turn out that Raddatz was not "disabled" within the meaning of the ADA as of February 1996, but based on the way the case was structured as a result of the City's request to move for summary judgment on the pretext issue, the Court cannot fully address the disability issue at this time.

4

that effect in an affidavit by the Department's current director of personnel (there is no indication when he assumed that position). When plaintiff challenged this in his response, the City submitted a supplemental affidavit from the same individual, who seemed to say that his conclusion that a "policy" exists comes from the following:

> The following individuals were terminated from employment with the Chicago Fire Department as a result of theft-related convictions on or around the dates indicated:
>
> a.  Randall Donofrio, 9/1/82
> b.  Alex Melnyczuk, 6/13/91
> c.  Thomas Raddatz, 10/20/97

Stewart Supp. Aff., ¶2. The supplemental affidavit does not disclose whether these are the *only* Department personnel who had theft-related convictions during the time period, and it does not disclose what types of matters are and are not considered "theft-related convictions." Moreover, though two incidents over the nearly 14 year period preceding the decision to terminate Raddatz conceivably might be enough to convince a jury that the Department "consistent policy," this is certainly not enough to establish that the City is entitled to judgment as a matter of law regarding the basis for the termination. Finally, Raddatz has submitted an affidavit from the Director of Contract Enforcement for the Chicago Fire Fighters Union, who states that he has negotiated many disciplinary matters in which firefighters with criminal convictions for off-duty conduct (like Raddatz) have received written reprimands or suspensions, not termination. It may well be, as the City argues, that this affidavit adds little or nothing to the mix because it does not contain any specific, but either way, on the present record the Court simply cannot conclude that summary judgment would be proper in this case.

For the foregoing reasons, the Court denies defendant's motion for summary judgment.

This case is set for a status hearing on July 13, 2000 at 9:30 a.m. for the purpose of setting a final discovery cutoff date. Pursuant to the Court's previous order of June 22, 2000, the case remains set for trial on January 8, 2001.

                                                                                      MATTHEW F. KENNELLY
                                                                                      United States District Judge

Date: July 10, 2000